UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JACKIE S. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-CV-423-HAB |
| | ) | |
| JAMES CRANE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

> While the Court believes that [Defendant James] Crane's investigation was slap-dash, superficial, and constitutionally deficient, it does not find that Crane's affidavit contains fraud or false testimony.

(ECF No. 86 at 17). This sentence adequately sums up the rest of this Court's Opinion and Order (ECF No. 86) on Defendant's Motion for Summary Judgment. The Court found, as a matter of law, that Plaintiff could not recover on her Federal Tort Claims Act ("FTCA") claims against the United States but that she could proceed on her *Bivens* claims against Crane. Now before the Court are two motions wherein Crane argues that the entry of summary judgment on the FTCA claim bars the continued litigation of the *Bivens* claim. The Court concludes that Crane is correct and will enter judgment in his favor.

The relevant statutory language is unambiguous and supports Crane's position. "The judgment in an action under [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. The bar operates regardless of whether the FTCA judgment is in favor of or against the claimant. *Hoosier Bancorp of Ind., Inc. v. Rasmussen*, 90 F.3d 180, 185 (7th Cir. 1996). The bar applies equally to situations where the government and

the employee are sued in separate actions as it does to cases where the claims are brought in the same suit. *Manning v. United States*, 546 F.3d 430, 438 (7th Cir. 2008). The bar even applies retroactively to claims resolved before an FTCA claim. *Id*. In short, the judgment bar in the FTCA is broad and almost uniformly applied.

Plaintiff recognizes the existence of the judgment bar but argues that the Supreme Court's decision in *Simmons v. Himmelreich*, 136 S.Ct. 1843 (2016) exempts her claim. *Simmons* addressed a different portion of the FTCA, 28 U.S.C. § 2680, which excludes several categories of claims from the scope of the FTCA. One of these categories is claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function." 28 U.S.C. § 2680(a). The issue in *Simmons* was whether the exclusion in § 2680 also applies to the judgment bar.

The Supreme Court unanimously held that the FTCA's exclusion language applied to the judgment bar.

> The "Exceptions" section of the FTCA reads: "[T]he provisions of this chapter" - Chapter 171 - "shall not apply to . . . [a]ny claim based upon . . . the exercise or performance . . . [of] a discretionary function or duty." § 2680(a). The judgment bar is a provision of Chapter 171; the plain text of the "Exceptions" section therefore dictates that it does "not apply" to cases that, like Himmelreich's first suit, are based on the performance of a discretionary function. Because the judgment bar provision does not apply to Himmelreich's first suit, Himmelreich's second suit—the one against individual prison employees—should be permitted to go forward.

*Simmons*, 436 S.Ct. at 1847–48.

Plaintiff wishes to interpret the holding of *Simmons* broadly. According to Plaintiff, "[b]ecause Defendant Crane was exercising a discretionary function in this case, the judgment bar under section 1346(b) does not apply." (ECF No. 95 at 3). Crane, on the other hand, argues that *Simmons* applies only where the FTCA claim "is dismissed because it falls within one of the 'Exceptions' set forth in Section 2680." (ECF No. 96 at 2).

2

The Court agrees with Crane. Indeed, *Simmons* draws the exact distinction advanced by Crane.

> Ordinarily, the judgment bar provision prevents unnecessarily duplicative litigation. If the District Court in this case had issued a judgment dismissing Himmelreich's first suit because the prison employees were not negligent, because Himmelreich was not harmed, or because Himmelreich simply failed to prove his claim, it would make little sense to give Himmelreich a second bite at the money-damages apple by allowing suit against the employees: Himmelreich's first suit would have given him a fair chance to recover damages for his beating.
>
> Where an FTCA claim is dismissed because it falls within one of the "Exceptions," by contrast, the judgment bar provision makes much less sense. The dismissal of a claim in the "Exceptions" section signals merely that the United States cannot be held liable for a particular claim; it has no logical bearing on whether an employee can be held liable instead. To apply the judgment bar so as to foreclose a future suit against an employee thus would be passing strange.

*Simmons*, 136 S.Ct. at 1849–50. In this case, summary judgment was entered on Plaintiff's FTCA claim because the Court found that no reasonable jury could find in her favor. The law holds that the FTCA claim gave Plaintiff a fair chance to recover on her claim, and the Court is bound to comply with those holdings.

The Court concurs with the assessment that the judgment bar is "harsh, if not Kafka-esque." *McCabe v. Macaulay*, 2008 WL 2980013, *14 (N.D. Iowa Aug. 1, 2008). This is particularly true where, as here, Crane's conduct appears to have fallen well-below constitutional standards. But Plaintiff pursued her claim against the United States at her own peril. Plaintiff's decision to sue the United States necessarily affected her ability to pursue an action against Crane. *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994). The consequences of that decision must now be visited upon Plaintiff.

For the foregoing reasons, the United States of America's Motion to Enter Final Judgment as to Counts III-VIII (ECF No. 90) and Crane's Motion to Alter or Amend a Judgment under Rule 59(e) (ECF No. 91) are GRANTED. The Clerk of the Court is DIRECTED to enter final judgment

in favor of the United States of America and James Crane and against Plaintiff. With all other Defendants having previously been dismissed from this matter, the Clerk is further DIRECTED to close this case.

SO ORDERED on September 16, 2020.

                                              s/ Holly A. Brady  
                                              JUDGE HOLLY A. BRADY  
                                              UNITED STATES DISTRICT COURT